# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40119** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Ervin D. MCCOY** | ) | |
| **Airman (E-2)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

Appellant's general court-martial took place on 29 March–1 April 2021. The original record of trial was docketed with this court on 6 July 2022. The record of trial includes one disc that purports to contain audio recordings of the open session proceedings of the court-martial, and one disc that contains audio recordings of closed-session proceedings that occurred on 29 March 2021. However, the disc that should contain the recordings of the open session proceedings—that is, audio from the trial—contains only recordings of the preliminary hearing held pursuant to Article 32, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832.[*] The audio of the open sessions of Appellant's court-martial is not included. A certified verbatim written transcript of the proceedings is attached to the record.

Rule for Courts-Martial (R.C.M.) 1112(b) provides that "[t]he record of trial in every general and special court-martial shall include: (1) A substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting . . . ."

On 26 July 2022, Appellant filed an assignments of error brief that raised eight issues. One of those issues, raised by Appellant personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), requested that this court consider whether "the record of trial's omission of the trial audio is a substantial omission that limits this court's ability to approve a punitive discharge or confinement in excess of six months." On 27 September 2022, the Government submitted its answer to Appellant's assignments of error brief. The Government acknowledged the audio from the trial is missing stating that its copy of the record of trial, similar to the court's original record of trial, contains recordings from the preliminary hearing but does not contain recordings from the

---

[*] All references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

open sessions of Appellant's court-martial. While the Government acknowledged that the required audio is missing, it argued that this error amounted to an insubstantial omission and claimed the "[c]ourt is not impaired in its ability to perform its Article 66[, UCMJ,] review as it has a verbatim transcript, along with the required certifications, of the entire proceeding."

The court does not agree, and finds remand appropriate in order to correct this substantial deficiency in the record of Appellant's court-martial.

R.C.M. 1112(d) provides for correction of a record of trial found to be incomplete or defective after authentication. R.C.M. 1112(d)(2)–(3) describes the procedure for return of the record of trial to the military judge for correction. The court notes that R.C.M. 1112(d)(2) requires notice and opportunity for the parties to examine and respond to the proposed correction.

Accordingly, it is by the court on this 31st day of October, 2022,

**ORDERED:**

Pursuant to R.C.M. 1112(d), the record of trial in Appellant's case is returned to the military judge for correction of the deficiency identified above—the omission of the substantially verbatim recording of the open sessions of Appellant's court-martial proceedings—and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

The record of trial will be returned to the court not later than **30 November 2022**. If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than 28 November 2022 of the status of the Government's compliance with this order.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court